[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10246
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-14051-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Alejandro Ortiz appeals his 96-month sentence after pleading guilty to one

count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). That sentence was the product of a downward variance from the applicable guidelines range of 151 to 188 months imprisonment. On appeal, Ortiz argues that he should have been sentenced instead to the statutory minimum sentence of 60 months imprisonment. Ortiz argues that his sentence is substantively unreasonable because, in calculating his advisory guidelines range pursuant to U.S.S.G. § 2G2.2, the district court applied a Sentencing Guideline that (i) was not supported by empirical data and (ii) produced a guidelines range that violated the purposes of sentencing in accordance with 18 U.S.C. § 3553(a).

We generally review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

We examine whether a sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. Gall, 552 U.S. at 51, 128 S.Ct. at 597. And we will vacate a defendant's sentence "if, but only if, we are left

2

with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190.

Ortiz's argument that his 96-month sentence is substantively unreasonable lacks merit. The court considered the arguments of each party at the sentence hearing, weighed the § 3553(a) factors, and determined that a downward variance of 96 months was appropriate. That sentence, moreover, was well below Ortiz's advisory guidelines range of 151 to 188 months. Based on the record before us, we cannot discern an abuse of discretion in the district court's determination.

**AFFIRMED.**